IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA MARTINEZ, INDIVIDUALLY AND AS NEXT FRIEND OF J.M. | § § § § § § | CIVIL ACTION NO. _____ |
| VS. | | |
| WAL-MART STORES TEXAS, LLC | | DEFENDANT DEMANDS A JURY |

**<u>NOTICE OF REMOVAL</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, WAL-MART STORES TEXAS, LLC ("Defendant"), and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

### I. STATEMENT OF GROUND FOR REMOVAL

1. On December 7, 2020, Plaintiff, Maria Martinez, individual, and as next friend of J.M ("Plaintiff"), commenced an action in the 190th Judicial District Court of Harris County, Texas, captioned "Cause No. 2020-78101; *Maria Martinez, Individually, and as Next of Friend of J.M. v. Wal-Mart Stores Texas, LLC,*" in which she sought personal injury damages allegedly resulting from an incident that occurred on or about May 28, 2019 (the "Incident"), at Wal-Mart Store #1137 (the "Store") in Houston, Texas.

2. The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between properly joined parties.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

3.      Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court in Harris County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

4.      Removal is timely as the first date upon which Defendant, or its agents, received Plaintiff's Original Petition and Citation was on December 8, 2020, which is less than 30 days before this removal notice. 28 U.S.C. § 1446(b). *See* Exhibit A, Plaintiff's Original Petition.

## III. VENUE

5.      This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## IV. PARTIES

6.      According to her Original Petition, Plaintiff was a citizen of Harris County, Texas at the time suit was commenced. *See* Exhibit A, at Section II.

7.      Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004).

8.      Defendant, Wal-Mart Stores Texas, L.L.C., is a Delaware limited liability company, and is an indirectly, wholly-owned subsidiary of Walmart Inc. The sole member of Wal-Mart Stores Texas, L.L.C. is Wal-Mart Real Estate Business Trust. The sole unit holder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co., which is a wholly owned subsidiary of

Wal-Mart Stores East, L.P. Wal-Mart Stores East, L.P. is a Delaware limited partnership, of which WSE Management, L.L.C. is the general partner and WSE Investment, L.L.C. is the limited partner. The sole member of WSE Management, L.L.C. and WSE Investment, L.L.C. is Wal-Mart Stores East, L.L.C. (f/k/a Wal-Mart Stores East, Inc.), whose parent company is Walmart Inc. The principal place of business of Wal-Mart Stores Texas, L.L.C. is Bentonville, Arkansas. Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant. 28 U.S.C. §§ 1332, 1441.

9. The citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the time of removal.

## V.  PLAINTIFF'S ALLEGATIONS

10. Plaintiff claims that while on Defendant's property, she sustained a hand injury. *See* Ex. A, at Section IV. As a result, Plaintiff brings claims of negligence and premises liability against Defendant. *Id*. at Sections V and VI.

## VI. JURISDICTIONAL BASIS FOR REMOVAL

11. Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction of civil actions in which the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. The removing defendant has the burden to show that proper federal diversity jurisdiction exists to sustain removal. *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

12. The relevant jurisdictional facts are to be judged as of the time of removal. *Allen*, 63 F.3d at 1335. Subsequent events, such as filing an amended complaint specifically reducing the amount of damages sought, cannot deprive the court of jurisdiction once it has attached. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

### A.     Amount in Controversy Exceeds $75,000.00.

13.     A defendant can carry its burden by showing that it is either facially apparent from a plaintiff's petition that the plaintiff's claims are likely to exceed $75,000.00, or by presenting summary judgment-type evidence that the amount in controversy is likely to exceed the jurisdictional minimum. *Gebbia*, 233 F.3d at 881; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Such "tests are applied in order, and only if the "facially apparent" test is not met, do we require "summary judgment" type evidence of the amount in controversy." *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, *2-3 (5th Cir. 2002).

14.     Here, it is facially apparent that the amount in controversy in the instant case exceeds $75,000. *See Gebbia*, 233 F.3d at 881. Plaintiff has alleged that she is seeking relief in excess of "over $250,000.00 and not less than $1,000,000.00". *See* Ex. A, at Section III, Subpart a. By pleading damages in excess of $250,000.00, Plaintiff acknowledges that she is seeking at least a sum of damages in a six-figure range, clearly exceeding the $75,000.00 threshold.

15.     Defendant has produced ample evidence for the Court to find removal appropriate. Defendant has met its burden to prove by a preponderance of the evidence that Plaintiff's claims are likely to exceed $75,000.00. Consequently, the Court can find that the amount in controversy requirement has been satisfied to have this case properly removed to this Court.

### B.     Diversity of Citizenship

16.     As set forth, *supra*, Plaintiff is a citizen of the State of Texas and Defendant is composed of companies organized under the laws of Delaware and Arkansas, with its principal place of business in the State of Arkansas. None of Defendant's partners or members are citizens

of the State of Texas. As such, Defendant has met its burden of establishing that diversity of citizenship exists between the parties.

## VII. CONCLUSION

17.     Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Additionally, Defendant has established that diversity of citizenship exists between the parties in this case. Therefore, the Court should find that removal is proper in this case.

## VIII. PRAYER

WHEREFORE, Defendant, Wal-Mart Stores Texas, LLC prays that this Court find that the above-styled action now pending in the 190th Judicial District of Harris County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

/s/ Ciara Perritano
John A. Ramirez
Attorney in Charge
TBN: 00798450
FBN: 21280
Ciara Perritano
TBN: 24096440
FBN: 3530917
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez.atty@bushramirez.com
cperritano.atty@bushramirez.com

ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the RULES OF CIVIL PROCEDURE on this the 4th day of January 2020.

    Annie Basu
    P. O. Box 24118537
    Houston, Texas 77255

                      */s/ Ciara Perritano*
                      John A. Ramirez | Ciara Perritano